ELLEN M. MAHAN
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
DAVIS H. FORSYTHE
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
999 18th Street, South Terrace Suite 370
Denver, CO  80202
Tel.: 303-488-1391
Fax: 303-844-1350
MA Bar No.: 667115
Email: davis.forsythe@usdoj.gov

Attorneys for Plaintiff United States

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br><br>Plaintiff )<br><br>v. )<br><br>COAST WOOD PRESERVING, INC., )<br><br>Defendant ) | Civil Action No. _____<br><br>**COMPLAINT** |

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges:

*COMPLAINT*

**STATEMENT OF THE CASE**

1.      This is a civil action brought pursuant Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607(a), against Coast Wood Preserving, Inc. ("Defendant").  The United States seeks recovery of unreimbursed costs incurred, together with interest, for activities undertaken in response to the release or threatened release of hazardous substances at the Coast Wood Preserving, Inc. Superfund Site located in the city of Ukiah, Mendocino County, California ("Site"), along with a declaratory judgment, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), that Defendant is jointly and severally liable for future response costs incurred by the United States in connection with the Site.

**JURISDICTION, VENUE AND DIVISION ASSIGNMENT**

2.      This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3.      Venue is proper in this district pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) because Defendant resides and has its principal office in Turlock, Stanislaus County, California, which is located within the Eastern District of California.

4.      This case is properly commenced in the United States District Court sitting in Fresno, California, pursuant to Local Rule 120(d), because Defendant resides and has its principal office in Stanislaus County.

**DEFENDANT**

5.      Coast Wood Preserving, Inc. is a California corporation and a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).  Coast Wood Preserving, Inc. owns the Site, and operates a wood treatment facility located at the Site, the operation of which has resulted in disposal of hazardous substances.

*COMPLAINT*

## GENERAL ALLEGATIONS

6.      Defendant has operated a wood treatment facility at the Site since approximately 1971.  From approximately 1971 through approximately 2004, Defendant used a solution of sodium dichromate, copper sulfate, and arsenic acid to pressure-treat and preserve wood products as part of its business.

7.      Investigations conducted at the Site show that soil and groundwater at the Site are or have been contaminated with heavy metals including chromium, arsenic, and copper.

8.      Chromium, arsenic, and copper are hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

9.      Between approximately 1971 and approximately 2004, Defendant's operation of its wood treatment facility resulted in the contamination of soil and groundwater at the Site with hazardous substances, including chromium, arsenic, and copper.  This contamination constituted "disposal," within the meaning of Section 101(29) of CERCLA, 42 U.S.C. § 9601(29), of "hazardous substances", within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), at the Site.

10.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

11.     There has been a "release" or a threat of a "release," within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances including chromium, arsenic, and copper into the environment at and from the Site.

12.     In 1983, EPA listed the Site on the National Priorities List.

13.     In 1989, the California Department of Toxic Substances Control ("DTSC") issued a Remedial Action Plan and EPA issued a Record of Decision selecting the soil and groundwater remedy for the Site.  The selected remedy included paving the Site with an asphalt or concrete cap to prevent run-off

*COMPLAINT*

and leaching of wood treatment solutions to the subsurface; installation of a downgradient slurry wall; groundwater extraction, treatment and reinjection; and soil excavation and offsite disposal.  In 1999, the remedial action plan was amended to allow for in situ reduction and fixation of hexavalent chromium in soil and groundwater.

14.     Prior to and since 1989, Defendant has carried out cleanup work at the Site under the oversight of DTSC and/or EPA.  EPA has and will continue to incur response costs in connection with the Site.

15.     Remaining cleanup work to be done at the Site includes removal of contaminated soil following the cessation of wood treatment operations, assessment and implementation of any necessary institutional and engineering controls, including paving soil remediation areas if necessary, continued groundwater sampling and management until performance standards have been met in all Site wells, and implementation and maintenance of land use restrictions.

## FIRST CLAIM FOR RELIEF

### (Response Costs)

16.     The allegations contained in Paragraphs 1 through 15 are realleged and incorporated by reference herein.

17.     Section 107(a)(2)(A) of CERCLA, 42 U.S.C. § 9607(a)(2)(A), provides in pertinent part that any person who, at the time of disposal of any hazardous substance, owned or operated a facility at which such hazardous substances were disposed of, from which there is a release, or a threatened release, of a hazardous substance that causes the incurrence of response costs, shall be liable for all costs of removal or remedial action incurred by the United States Government not inconsistent with the National Contingency Plan.

18.     Defendant is liable as a person who, at the time of disposal of hazardous substances, operated a facility at which such hazardous substances were

*COMPLAINT*

disposed of, within the meaning of Section 107(a)(2)(A) of CERCLA, 42 U.S.C. § 9607(a)(2)(A).

19.    The actions taken by the United States in connection with the Site constitute "response" activities within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), in connection with which the United States has incurred costs.

20.    The costs incurred by the United States in connection with the Site are not inconsistent with the National Contingency Plan, which was promulgated under Section 105(a) of CERCLA, 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300.

21.    As of November 30, 2017, the United States had incurred unreimbursed response costs in connection with the Site of approximately $122,450.  The United States continues to incur response costs in connection with the Site.

22.    Defendant is jointly and severally liable to the United States for all response costs incurred by the United States in connection with the Site, including enforcement costs and prejudgment interest, pursuant to Section 107(a)(1-3)(A) of CERCLA, 42 U.S.C. § 9607(a)(1-3)(A).

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

23.    The allegations contained in Paragraphs 1 through 22 are realleged and incorporated by reference herein.

24.    Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides in pertinent part that, "in any action for recovery of costs, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

25.     The United States will continue to incur response costs associated with the Site, including enforcement costs that are recoverable as response costs under CERCLA.

26.     The United States is entitled to entry of a declaratory judgment of joint and several liability against Defendant, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding in any subsequent action to recover further response costs incurred by the United States in connection with the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States respectfully requests that this Court:

1.     Enter judgment in favor of the United States, and against Defendant jointly and severally, for all costs, including enforcement costs and prejudgment interest, incurred by the United States for response actions in connection with the Site and not otherwise reimbursed;

2.     Award the United States its costs of this action; and

3.     Grant such other relief as this Court deems just and proper.

Respectfully submitted,


Date: Dec. 20, 2017          */s/ Davis H. Forsythe*
                             DAVIS H. FORSYTHE
                             Trial Attorney
                             Environmental Enforcement Section
                             Environment and Natural Resources Division
                             United States Department of Justice
                             999 18th Street, South Terrace Suite 370
                             Denver, CO  80202
                             Tel.: 303-488-1391
                             Fax: 303-844-1350
                             Email: davis.forsythe@usdoj.gov

*COMPLAINT*

OF COUNSEL:

SARA GOLDSMITH
Office of Regional Counsel
EPA, Region IX
75 Hawthorne Street
San Francisco, California 94105

*COMPLAINT*

## CERTIFICATE OF SERVICE BY MAIL

I, Katherine Tribbett, hereby certify and declare that:

1.      I am over the age of 18 years and am not a party to this action.

2.      I am employed by the U.S. Department of Justice at 999 18th Street, South Terrace, Suite 370, Denver CO 80202.

3.      I am familiar with the office practices of the U.S. Department of Justice at the above location, including its mail processing practices.

4.      I know that outgoing mail is deposited for collection with the United States Postal Service on the day of mailing and that overnight mail is collected from the above office location on the day of mailing.

5.      Following the above described practices, on December 20, 2017, I caused a true copy of the foregoing to be served upon the persons listed on the attached service list by U.S. Mail, postage prepaid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 20, 2017, in Denver, Colorado.

<u>/s/ Katherine Tribbett</u>
Katherine Tribbett
Paralegal

*COMPLAINT*

1

## SERVICE LIST

2

3 Kenneth B. Finney, Esq.
Beveridge & Diamond PC
4 456 Montgomery Street, Suite 1800
San Francisco, California 94104-1251
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*COMPLAINT*